### UNITED STATES of America, Appellee

v.

### Carol E. TOLSON, Appellant.

### No. 05–3102.

United States Court of Appeals, District of Columbia Circuit.

Jan. 25, 2008.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and SENTELLE and EDWARDS, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia, the briefs filed by the parties, and oral arguments of counsel. The court has determined the issues presented occasion no need for a published opinion. *See* D.C. Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the order of the District Court denying Tolson's motion to withdraw her plea of guilty be affirmed. First, Tolson has not impugned her plea of guilty. *See United States v. West,* 392 F.3d 450, 455 (D.C.Cir. 2004). Assuming Jacobs paid Tolson's counsel, Tolson has not explained how counsel advanced Jacobs' interest to her detriment. *See United States v. Taylor,* 139 F.3d 924, 930 (D.C.Cir.1998); *see also Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (requiring defendant to show active representation of conflicting interests). Upon pleading guilty, Tolson averred she and Jacobs jointly possessed the narcotics and the guns; her agreement with the Government required Tolson to cooperate with the Government and gave her every incentive to turn on Jacobs. Nor has Tolson established a valid claim under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or impugned her colloquy under Federal Rule of Criminal Procedure 11. Second, Tolson has not advanced "a viable claim of innocence," *see West,* 392 F.3d at 455; *see also id.* at 456 ("A general denial of guilt is not enough; [rather, a defendant] must affirmatively advance an objectively reasonable argument that he is innocent" (internal quotation marks omitted)). Although there is no evidence the delay between the plea and her motion to withdraw it prejudiced the Government, *see id.* at 455, Tolson's pleadings were legally insufficient, and the district court did not err in disposing of her motion without a hearing.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C. Cir. Rule 41(a)(1).